567 So.2d 488 (1990)
ST. PETERSBURG MOTOR CLUB, Appellant,
v.
Helen T. COOK, Appellee.
No. 89-01688.
District Court of Appeal of Florida, Second District.
September 14, 1990.
Michael K. Houtz of Harris, Barrett, Mann & Dew, St. Petersburg, for appellant.
Robert F. McKee of Kelly & McKee, P.A., Tampa, for appellee.
SCHOONOVER, Chief Judge.
The appellant, St. Petersburg Motor Club, challenges a final order of the Florida Commission on Human Relations. We reverse.
This dispute arose out of the appellee's, Helen T. Cook, employment with the appellant. In 1984, the appellant instituted an antinepotism policy which, among other things, provided that if two employees of the club married, one of them would be terminated within six months of the marriage. The choice of which employee was to leave the club was left up to the parties involved. On July 4, 1985, the appellee, managing director of personnel, married Richard Cook, another one of the appellant's employees. Upon learning that the appellee was getting married to another employee, Trevor White, one of the appellant's officers, requested the board of directors to amend or revise the policy so that both the appellee and her husband could keep their positions with the appellant.
On November 14, 1985, the appellant's board of directors met and decided that the policy would be enforced and that either Mr. Cook or the appellee would have to terminate their employment. This decision was related to the appellee no later than November 16, 1985. The appellee informed Mr. White that she would be the one to resign, and her resignation was accepted by the board of directors on November 19, 1985. On November 20, 1985, she was informed that her resignation had been accepted.
On May 19, 1986, the appellee filed a discrimination complaint with the Florida Commission on Human Relations. Her complaint alleged that she was discriminated against on November 20, 1985, when the board of directors voted to enforce the company's antinepotism rule which required her to terminate her employment because of her marriage to another company employee.
At the conclusion of a hearing in this matter, the hearing officer found, contrary to the allegations in the complaint, that the board of directors voted to enforce the policy on November 14, 1985, and that the appellee was so notified no later than November 16, 1985. The hearing officer concluded that the complaint was untimely and that the policy was implemented for a nondiscriminatory reason. He, accordingly, recommended dismissal of the discrimination charge.
The commission accepted the hearing officer's findings of fact but disagreed with *489 his conclusions of law. The commission held that the appellant had not raised the untimeliness of the complaint and, therefore, had waived that defense. The commission also concluded that the complaint was timely because the hearing officer erred in concluding that the period for filing the complaint commenced on November 16, 1985, rather than on the date the appellee's resignation was officially accepted, i.e., November 19, 1985. A final order finding that the appellant had violated section 760.10(1)(a), Florida Statutes (1985), and ordering the appellant to reinstate the appellee was filed on May 22, 1988. The order also required the appellant to pay back wages and attorney's fees to the appellee. This timely appeal followed.
Since we find that the appellee's claim was untimely filed, it is not necessary to determine if the commission properly found that the appellant committed a discriminatory act or properly awarded back wages and attorney's fees to the appellee. We note, however, that at the administrative hearing the parties stipulated that the hearing would be limited to the question of liability and that any other questions concerning the final disposition of the matter would be considered later if necessary.
Mrs. Cook's complaint was filed pursuant to Florida's Human Rights Act of 1977. § 760.01(1), Fla. Stat. (1985). The complaint alleged that the appellant had committed an unlawful employment practice by discriminating against her because of her marital status. § 760.10(1)(a). Her complaint alleged that the act of discrimination occurred on November 20, 1985, when the appellant's board of directors voted to enforce the appellant's policy providing that if two employees married, one of them would be terminated and informed the appellee and her husband that one of them would have to terminate their employment.
Section 760.10(10), Florida Statutes (1985), requires a complaint to be filed within 180 days of the alleged violation. If the alleged violation occurred on or before November 16, 1985, as found by the hearing officer, the complaint was untimely and the commission erred by entering its order. If, on the other hand, the appellant waived the defense of the statute of limitations, or if the discrimination occurred on the date the appellee resigned, the commission was correct in finding that the complaint was timely filed. We find that the appellant did not waive its defense and the act complained of, pled, and tried by the appellee was committed on or before November 16, 1985. The commission, accordingly, erred in ruling in favor of the appellee.
The commission's order states that the appellant failed to claim the untimeliness defense in its answer to the petition for relief, or at any time prior to the hearing, and it was, therefore, waived. The appellant contends, and the appellee candidly agrees, the defense was raised in a properly amended answer.
The evidence supports, and the commission accepted, the hearing officer's finding that the act complained of by the appellee, the decision to enforce the policy and so notifying the appellee, was completed on or before November 16, 1985, not on the date alleged in the appellee's complaint. The period for filing a complaint, therefore, commenced at the time the decision was made and communicated to the appellee regardless of the fact that the effect of such decision, the loss of employment, did not occur until later. We must focus upon the time of the discriminatory act, not upon the time at which the consequences of the act became most painful, and accordingly, the limitations period commenced to run no later than the date on which the board of directors clearly established its official position as it related to the appellee and notified her. Delaware State College v. Ricks, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980).
We also reject the appellee's contention that the discriminatory act did not take place until she and her husband decided which one was going to resign and submitted their resignation. As mentioned above, it is not the date that the consequences of the act are felt, but the date of that act that controls. The evidence is overwhelming that it was always known that the appellee, not her husband, would *490 be the one to leave if the policy was enforced. Furthermore, we must decide the issue presented to us on the basis of the appellee's complaint. Her complaint did not allege that the discriminatory act was making her decide which of the two was to resign. Her complaint did not allege that the discriminatory act was the manner in which she was terminated after the decision was made to enforce the appellant's policy. Based upon her complaint, the discriminatory act was completed on or before November 16, 1985, and her complaint was, therefore, untimely. Ricks. We, accordingly, reverse and remand with instructions to enter an order dismissing the complaint.
Reversed.
RYDER and LEHAN, JJ., concur.