867 So.2d 489 (2004)
STATE, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
FLORIDA COMMISSION ON HUMAN RELATIONS and Clinton Curtis, Appellees.
No. 1D02-3463.
District Court of Appeal of Florida, First District.
February 20, 2004.
*490 Pamela S. Leslie, General Counsel, and Marianne A. Trussell, Deputy General Counsel, Department of Transportation, Tallahassee, for Appellant.
Cecil E. Howard, General Counsel, and Elizabeth A. Miller, Florida Commission on Human Relations, Tallahassee, for Appellees.
VAN NORTWICK, J.
The Florida Department of Transportation (DOT) seeks reversal of a final order which temporarily reinstates Clinton Curtis "to his former contract provision with the Florida Department of Transportation," on the authority of the Florida Whistle-blower's Act, sections 112.3187-112.31895, Florida Statutes (2002). This order was entered following a complaint by Curtis to the Florida Commission on Human Relations (FCHR) in which he alleged that he had been separated from employment as a result of retaliatory action by DOT. Curtis alleged that DOT took such retaliatory action because he had reported that DOT was overcharged by an independent contractor for whom Curtis was formerly employed. Without reaching the question of whether Curtis' employment status entitled him to the remedies available under the Whistle-blower's Act, we hold the matter should not have proceeded to the circuit court because Curtis' complaint to FCHR was untimely on its face.
Section 112.31895(1)(a) provides that a complaint alleging retaliatory action by an employer must be filed no later than 60 days after the retaliatory act. Here, on the face of Curtis' complaint, the alleged retaliatory action occurred on April 1, 2002, and the complaint was filed on July 10, 2002, more than 100 days after the alleged act. Further, the date of Curtis' complaint cannot be related-back to the date a similar complaint was filed by a DOT employee, Mavis Georgalis, because the administrative rule providing for this relation back doctrine, rule 60Y-5.001(4), Florida Administrative Code, is adopted pursuant to the Florida Civil Rights Act, section 760.06(12), Florida Statutes (2002), and is applicable to proceedings under that act. We agree with the argument of the DOT that no provision of the Whistleblower's Act indicates that the legislature has given the FCHR rule-making authority under the Whistle-blower's Act. See §§ 112.3187-112.31895, Fla. Stat. Thus, because Curtis did not timely file his complaint, FCHR lacked jurisdiction over Curtis' complaint and lacked the authority to file the petition seeking reinstatement of Curtis. See St. Petersburg Motor Club v. Cook, 567 So.2d 488 (Fla. 2d DCA 1990).
Accordingly, the order of the circuit court granting temporary reinstatement of Curtis is REVERSED.
KAHN AND BENTON, JJ., concur.