**Ivory Keith KISER, Appellant,**

v.

**ORIGINAL, INC. f/k/a Carrabbas, Inc., Carrabbas/Texas Limited Partnership, Carrabbas of Houston Limited, and Carrabbas Italian Grill, Inc, Appellees.**

**No. 14–99–00880–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 16, 2000.

**450**

Mark Siurek, Houston, for appellants.

Gerald T. Holtzman, Norma Laura Erazo De Santos, Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices HUDSON and WITTIG.

## OPINION

DON WITTIG, Justice.

We review an alleged employment discrimination claim. Ivory Keith Kiser suffers a seizure disorder and avers Carrabbas terminated him from his waiter job because of a disability. The pivotal issue of this summary judgment appeal granted in favor of appellees is the meaning of disability under the Texas Commission on Human Rights Act. We agree with the trial court that appellant's seizures do not constitute a substantial limitation in a major life activity. Hence, the judgment of the trial court is affirmed.

### Facts

Appellant was a waiter at Carrabbas restaurant. He worked at the Sugar Land location for approximately one-and-a-half years. In August 1996, he went to work for a Carrabbas in Houston, which is under separate ownership. Appellant has "a complex partial seizure disorder" and suffered from occasional seizures during and away from work.

According to appellant and his physician, his seizures are generally controlled by medication and avoiding sleep deprivation. Despite these mitigating measures, appellant occasionally suffers from seizures he characterizes as "mild to moderate." Appellant is often able to predict about ten to fifteen minutes prior to a seizure that a seizure is likely to occur. However, he has also experienced seizures without warning. Appellant's physician placed few if any restrictions on him and did not restrict him from working around sharp objects or heavy equipment. At times, appellant states he was limited in the number of hours and consecutive days he could work. After a seizure, Carrabbas required that appellant obtain a physician's release before he could return to work.

Appellant had two or three seizures while working as a waiter at the Houston Carrabbas location. On June 3, 1997, one occurred. He reported back to work on June 9. However, his supervisor, Spencer Moore, told him he was being terminated and could no longer work in his job as a waiter at the restaurant because of his seizure disorder. Appellant asked Moore if he might work in the restaurant at the hostess stand, bus tables, or replace the woman working on the nearby computer. Moore refused the stated offer.

### Discussion

Summary judgment is proper only when the movant establishes there are no genuine issues of material fact and proves he is entitled to judgment as a matter of law. *See* Tex.R.Civ.P. 166a(c). To be entitled to summary judgment, a defendant must either (1) conclusively negate at least one essential element of each of the plaintiff's causes of action, or (2) conclusively establish each element of an affirmative defense to each claim. *See American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). In decid-

ing whether there exists a disputed fact issue precluding summary judgment, we treat proof favorable to the non-movant as true and indulge all reasonable inferences in the non-movant's favor. *Id.*

Suit was filed against Carrabbas under the Texas Commission on Human Rights Act (TCHRA). The act provides, in material part:

An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:

(1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or

(2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

TEX.LAB.CODE ANN. § 21.051 (Vernon 1996).

■ Texas courts generally look to most closely analogous provisions of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–797b, and the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213, in interpreting TCHRA's disability discrimination provisions. *See Austin State Hosp. v. Kitchen,* 903 S.W.2d 83, 88 (Tex.App.—Austin 1995, no writ).

The ADA prohibits discrimination by private employers against qualified individuals with a disability. Specifically, it provides that no covered employer "shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); *see also* § 12111(2). A "qualified individual with a disability" is identified as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). In turn, a "disability" is defined as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

We note that *each category* refers to impairment that *substantially limits* major life activities of such individual.

Appellant contends he fits into all three categories. We will examine each in turn.

*Impairment Substantially Limiting Major Life Activity*

■ Appellant claims he has a qualified impairment because his epilepsy substantially limits him in the major life activity of work. In *Sutton v. United Airlines, Inc.,* 527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999), the Supreme Court held:

When the major life activity under consideration is that of working, the statutory phrase "substantially limits" requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs. Reflecting this requirement, the EEOC uses a specialized definition of the term "substantially limits" when referring to the major life activity of working: significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The *inability to perform a single, particular job* does not constitute a substantial limitation in the major life activity of working.

*Id.* at 2151 [citations omitted, emphasis added.]

Essentially, appellant argues that because three particular jobs were not available to him at the restaurant, he was precluded from working in a broad class of jobs. We disagree. Carrabbas points out that appellant admitted his seizures are generally controlled by medication and rest, and that any seizures he did have were only occasional and, at worst, moderate. Further, appellant's proof that he was denied a waiter or busing job and another person's computer job at a particular restaurant cannot reasonable infer he is unable to work in a broad class of jobs. *See Deas v. River West, L.P.*, 152 F.3d 471, 481–82 (5th Cir.1998) (hospital employee's termination due to two minor seizures and employer's unwillingness to employ her anywhere in the hospital held not sufficient to cover a broad class of jobs). There was neither proof appellant was computer literate (comparable skill, training and ability) nor that there even existed such an opportunity to continue employment as a bus or computer person. Proof of the appellant's inability to work in a broad class of jobs was lacking. We therefore hold Carrabbas negated appellant's claim that he has an impairment substantially limiting him in the major life activity of work. While there was some evidence of impairment, there was no evidence such impairment constituted a substantial limitation of a major life activity.

### Record of Impairment

■ To prevail on a "record of disability" claim, a plaintiff must show that he "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." *See Deppe v. United Airlines*, 217 F.3d 1262, 1267 (9th Cir.2000). However, again we note that, with mitigating measures, appellant only misses work on occasion and suffers only infrequent seizures. Without more, this does not establish that appellant has a record of an impairment that substantially limited him from working in a broad class of jobs. Accordingly, we hold that Carrabbas has

met its summary judgment burden in showing appellant does not have a record of an impairment substantially affecting a major life activity.

### Regarded as Having an Impairment

■ Finally, we address whether Carrabbas regarded appellant as having an impairment that substantially limited him in the major life activity of work. An employee is regarded as having a substantially limiting impairment if his employer mistakenly believes that (1) he has a physical impairment that substantially limits one or more major life activities, or (2) an actual, non-limiting impairment substantially limits one or more major life activities. *See Sutton*, 119 S.Ct. at 2149–50. In both cases, it is necessary that a covered entity entertain misperceptions about the individual—it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting. *Id.* at 2150.

Appellant's proof points to his brief discussion with Moore when he was terminated. Moore told appellant that because of his disability, he could not work as a waiter at the restaurant. In response to appellant's questioning, Moore also told appellant he would not have appellant bus tables, or take the place of the woman then operating the restaurant's computer.

This case is similar in material respects to *Deas v. River West, L.P.*, 152 F.3d 471 (5th Cir.1998). There, the plaintiff, an "addiction technician" at a hospital, also suffered from epilepsy. While at work, she suffered two minor seizures. Her employer discharged her due to her seizures and told her there were no jobs for her in the entire hospital. Deas sued, alleging her employer regarded her as having an impairment because the employer's assertion there were no other jobs she could work in at in the hospital proved they perceived her to be substantially limited in

her ability to work in any clinic or hospital setting, including work as a housekeeper, secretary, groundskeeper, and a diverse assortment of other jobs. *Id.* at 480–81. The Fifth Circuit disagreed, holding that the evidence presented did not warrant the inference her employer regarded her as being unable to work in a broad class of jobs. *Id.* at 481. Rather, the evidence merely showed that her employer regarded Deas as unable to work in any but a few highly specialized jobs that required relatively high levels of vigilance or uninterrupted awareness. *Id.* at 481–82.

Likewise, while Moore's comments perhaps raise a fact issue that Carrabbas perceived appellant as being unable to work at certain specific restaurant jobs because of his seizures, we do not view Moore's comments as indicative that even he perceived appellant as being unable to work to such an extent that would substantially limit a major life activity. We cannot make the inferential leap from Moore's minimal statements to conclude Carrabbas regarded appellant as being unable to work in a broad class of jobs or a broad range of jobs in various classes.

Because Carrabbas has established as a matter of law that, under TCHRA, appellant did not have an impairment that substantially affects a major life activity, a record of such a disability, or that Carrabbas perceived appellant as having such a disability, the trial court properly granted summary judgment. The judgment of the trial court is affirmed.