v01078.ly2









NUMBER 13-01-078-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


STANLEY E. KRESGE, Appellant,



v.


MERCADO LATINO, INC., Appellee.

___________________________________________________________________


On appeal from the 197th District Court of Cameron County, Texas.

__________________________________________________________________



O P I N I O N


Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Yañez

 

Appellant, Stanley E. Kresge, appeals from a summary judgment granted in favor of appellee, Mercado Latino, Inc. ("Mercado"), on his claims of disability
discrimination under the Texas Commission on Human Rights Act ("TCHRA") (1) and intentional infliction of emotional distress. In two points of error, Kresge
contends the trial court erred because genuine issues of material fact exist as to each of his causes of action and Mercado is therefore not entitled to summary
judgment. We reverse, in part, and affirm, in part. 

Background



The summary judgment proof, viewed in the light most favorable to Kresge, (2)shows that in early 1998, Armando Recio, then employed by Mercado, told
Kresge that a merchandiser position was available with Mercado. Kresge completed an application and was interviewed by Victor Betancourt, Mercado's local
manager. A few weeks later, Kresge received a call from a secretary in the office of Sixto Morales, Mercado's San Antonio manager. The secretary told Kresge
to report to a McAllen medical clinic for a drug test. At the clinic, Kresge provided a urine sample and answered questions concerning his medical history and
current medications. Betancourt called Kresge the same day and told him that he would begin working following receipt of the drug test results. After several
days, Kresge tried unsuccessfully to reach Betancourt. Kresge then called Mercado's California office and was referred to Morales in San Antonio. Morales
told him to call Betancourt. After numerous inquiries over several weeks, Betancourt finally told Kresge that someone better qualified had been hired. (3) Later,
Recio and Betancourt told Kresge he was not hired because of a "blood problem."

Kresge filed suit, alleging discrimination on the basis of a real or perceived disability and intentional infliction of emotional distress. Mercado filed a
"traditional" and "no evidence" motion for summary judgment, contending it was entitled to summary judgment on both causes of action. (4) The trial court
granted summary judgment in Mercado's favor. This appeal ensued.

Standard of Review

In a traditional summary judgment proceeding, the standard of review on appeal is whether the successful movant at the trial level carried the burden of
showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. M. D. Anderson v. Willrich, 28 S.W.3d 22, 23
(Tex. 2000); Am. Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985). In
resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences,
including any doubts, must be resolved in the non-movant's favor. Willrich, 28 S.W.3d at 23-24; Nixon, 690 S.W.2d at 548-49; Noriega v. Mireles, 925 S.W.2d
261, 266 (Tex. App.-Corpus Christi 1996, writ denied). When the defendant is the movant and submits summary judgment evidence disproving at least one
essential element of each of the plaintiff's causes of action, then summary judgment should be granted. Grinnell, 951 S.W.2d at 425;Science Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex. 1997).

When a motion is presented under Texas Rule of Civil Procedure 166a(i) asserting there is no evidence of one or more essential elements of the nonmovant's
claims upon which the nonmovant would have the burden of proof at trial, the movant does not bear the burden of establishing each element of its own claim or
defense. General Mills Rests. Inc., v. Tex. Wings, Inc., 12 S.W.3d 827, 832 (Tex. App.-Dallas 2000, no pet.); Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428,
432-33 (Tex. App.-Houston [14th Dist.] 1999, no pet.). The movant must specifically state the elements as to which there is no evidence. Tex. R. Civ. P.
166(a)(i). The burden then shifts to the non-movant to bring forth evidence that raises a fact issue on the challenged elements. Id. at cmt. If the non-movant is
unable to provide enough evidence, the trial judge must grant the motion. See Lampasas, 988 S.W.2d at 433.

A "no-evidence" summary judgment granted under rule 166a(i) is essentially a pre-trial directed verdict, and we apply the same legal sufficiency standard in
reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. Zapata v. Children's Clinic, 997 S.W.2d 745, 747 (Tex. App.-Corpus
Christi 1999, pet. denied); Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.-San Antonio 1998, pet. denied). Like a directed verdict, the task of the
appellate court is to determine whether the plaintiff has produced any evidence of probative force to raise fact issues on the material questions presented.
Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex. App.-Austin 1998, no pet.). We review the evidence in the light most favorable to the party against
whom the summary judgment was rendered, disregarding all contrary evidence and inferences. Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711
(Tex. 1997); Whalen v. Condo. Consulting and Mgmt. Servs.,Inc., 13 S.W.3d 444, 446 (Tex. App.-Corpus Christi 2000, pet. denied); Zapata, 997 S.W.2d at
747. Every reasonable inference must be indulged in favor of the non-movant, and any doubts resolved in its favor. Jackson, 979 S.W.2d at 70. A no-
evidence summary judgment is improper if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact.
Havner, 953 S.W.2d at 711; Zapata, 997 S.W.2d at 747. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a
mere surmise or suspicion of a fact. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983);Zapata, 997 S.W.2d at 747. More than a scintilla of evidence
exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. Havner, 953 S.W.2d at 711;Zapata,
997 S.W.2d at 747.

If a summary judgment is granted generally, without specifying the reason, it will be upheld if any ground in the motion for summary judgment can be
sustained. Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999) (citing Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995)); Weakly v.
East, 900 S.W.2d 755, 758 (Tex. App.-Corpus Christi 1995, writ denied).

In his first point of error, Kresge contends the trial court erred in granting summary judgment against him on his discrimination claim because he raised a fact
issue as to whether: 1) Mercado terminated or failed to hire him because it regarded him as disabled; and 2) Mercado's reason for terminating or failing to hire
him was mere pretext for disability discrimination. 

In its motion for summary judgment, Mercado argued it is entitled to summary judgment on the following grounds: 1) because Kresge's diabetes does not
substantially limit a major life activity, he is not disabled as a matter of law; (5) 2) there is no evidence Mercado regarded or perceived Kresge as being disabled;
and 3) there is no evidence Mercado acted intentionally or that its conduct was so extreme and outrageous that Kresge is entitled to damages for intentional
infliction of emotional distress. In addition, Mercado contends it had a legitimate, non-discriminatory reason for not hiring Kresge: no position was available at
the time he applied.

We begin by discussing Mercado's argument that summary judgment was properly granted because there is no evidence that Mercado regarded or perceived
Kresge as being disabled. Specifically, Mercado contends "there is simply no evidence that the Plaintiff's diabetes played any role in Mercado's decision to
withdraw its offer of employment and there is no evidence that Mercado mistakenly believes people suffering from this condition are 'substantially limited with
respect to a major life activity.'" Mercado's summary judgment evidence included the affidavit of Maria Angela Rodriguez, Mercado's vice-president of Human
Resources. Rodriguez's affidavit states, among other things, that: 1) after learning that Betancourt had offered Kresge an unauthorized position, Rodriguez told
Mercado's San Antonio supervisor to contact Kresge and tell him no position was available; 2) Kresge's diabetes played no role in the decision not to hire him
because prior to her decision, she was unaware he had diabetes; 3) neither she nor anyone else at Mercado considers diabetes to be a disability that substantially
limits an individual's major life activity; 4) Mercado currently employs approximately ten individuals who have diabetes; 5) the reason Kresge wasn't hired is
because no position was available; and 6) no one else has been hired to fill the position.



Discrimination

An employer commits an unlawful employment practice if, because of disability, the employer discriminates against an individual in connection with
employment. Tex. Labor Code Ann. § 21.051(1) (Vernon 1996). A plaintiff establishes an unlawful employment practice when he establishes that disability
was a motivating factor for an employment practice, even if other factors also motivated the practice. Id. § 21.125(a) (Vernon Supp. 2001). Therefore, the
plaintiff must show disability was a "motivating factor" for an employment practice, regardless of how many factors influenced the decision. Quantum Chem.
Corp. v. Toennies, 47 S.W.3d 473, 480 (Tex. 2000) (applying "motivating factor" as standard of causation in TCHRA unlawful employment practice claims). 
 

The TCHRA prevents an employer from discharging or discriminating against an employee based upon "disability," which is defined to mean "a mental or
physical impairment that substantially limits at least one major life activity of that individual, a record of such an impairment, or being regarded as having such
an impairment." Tex. Lab. Code Ann. § 21.002(6) (Vernon 1996 and Supp. 2001); Azubuike v. Fiesta Mart, Inc., 970 S.W.2d 60, 63 (Tex. App.-Houston [14th
Dist.] 1998, no pet.). Because the TCHRA seeks to promote federal civil rights policy and because Texas has little case law interpreting the TCHRA, we may
look to analogous federal law when appropriate. Kiser v. Original, Inc., 32 S.W.3d 449, 452 (Tex. App.-Houston [14th Dist.] 2000, no pet.). 

To set up a prima facie case of discrimination, a plaintiff must make a threshold showing that he has a disability. Garcia v. Allen, 28 S.W.3d 587, 596 (Tex.
App.-Corpus Christi 2000, pet. denied). An individual can be classified as disabled under any one of the three definitions of the term contained in the TCHRA.
Id. Under the statute, a person is defined as disabled if he either (1) is actually disabled, (2) is regarded as being disabled, or (3) has a record of being disabled.
Tex. Lab. Code Ann. § 21.002(6) (Vernon Supp. 2001). For all three, the word "disabled" is defined as same-i.e., having a mental or physical impairment that
substantially limits at least one major life activity. Id. 

A "major life activity" is considered akin to "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and
working."Garcia, 28 S.W.3d at 596 (quoting 29 C.F.R. § 1630.2(i)).

Under the Americans with Disabilities Act ("ADA"), "an individual may qualify as 'disabled' if he or she is 'regarded as' having an impairment that substantially
limits one or more major life activities." Deas v. River West, L.P., 152 F.3d 471, 475 (5th Cir. 1998). The EEOC's regulations provide three contexts in which
a plaintiff is afforded protection under the ADA's "regarded as" prong:

One is regarded as having a substantially limiting impairment if the individual (1) has an impairment which is not substantially limiting but which the employer
perceives as constituting a substantially limiting impairment; (2) has an impairment which is substantially limiting only because of the attitudes of others
towards such an impairment; or (3) has no impairment at all but is regarded by the employer as having a substantially limiting impairment.

 

Id. (quoting Bridges v. City of Bossier, 92 F.3d 329, 332 (5th Cir. 1996)). "Under the 'regarded as' prong, the disability status of the plaintiff turns not on the
plaintiff's physical condition, but rather on how the plaintiff was perceived and treated by those individuals alleged to have taken discriminatory action." Id. at
475 n.9. To establish a prima facie showing of disability under the "regarded as" prong, a plaintiff must produce sufficient evidence for a reasonable trier of
fact to conclude that his employer perceived him as having an "impairment," and that this impairment, if it existed as the employer perceived it, would have
substantially limited one or more of the plaintiff's major life activities. Id. at 476.

"When the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they
are unable to work in a broad class of jobs." Kiser, 32 S.W.3d at 452. "The inability to perform a single, particular job does not constitute a substantial
limitation in the major life activity of work." 29 C.F.R. § 1630.2 (j)((3)(i) (2001); see also Garcia, 28 S.W.3d at 598; Azubuike, 970 S.W.2d at 63. "[A]n
employer does not necessarily regard an employee as having a substantially limiting impairment simply because it believes [he] is incapable of performing a
particular job." Pryor v. Trane Co., 138 F.3d 1024, 1026 (5th Cir. 1998). 

Here, Kresge contends Mercado perceived him to be disabled after it learned of his diabetic condition following a drug test. He also argues Mercado perceived
him to be disabled because it learned he suffers from back problems. Kresge's summary judgment evidence consisted of: 1) his own affidavit; 2) his deposition
testimony; 3) Armando Recio's affidavit; 4) Mercado's Interrogatory Responses; and 5) Maria Rodriguez's deposition testimony. 

In Kresge's affidavit, he states that "Mando Recio later told me that I was not hired because of a problem with my blood." Recio's affidavit states, "Sometime
later, Victor Betancourt told me that the real reason Stan Kresge was not hired at Mercado Latino, Inc. was because of a medical condition involving his blood,
maybe high blood pressure or diabetes." Mercado's response to Kresge's Interrogatory No. 10 states, "Further, the Plaintiff stated he had back problems which
would have hindered his ability to perform the job of merchandiser even if the Defendant had decided to create the additional position." 

Mercado objected to Kresge's and Recio's affidavits on grounds the affidavits contain hearsay and statements which are not within the affiant's personal
knowledge. Kresge argues that the statements are admissible as "vicarious admissions" under Texas Rule of Evidence 801 (e)(2)(D). See Tex. R. Evid. 801
(e)(2)(D). Rule 801 (e)(2)(D) provides that "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by the party's
agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Id. In the present case, it is
unclear whether the statements attributed to Recio and Betancourt were made during the time they were employed by Mercado. Kresge's affidavit says Recio
"later" told him the reason he wasn't hired, but does not identify the date the statement was made or Recio's relationship with Mercado at the time. Similarly,
Recio's affidavit says Betancourt told him the reason Kresge wasn't hired "sometime later." The record reflects that by January 2000, Betancourt was no longer
employed by Mercado. 

Although we cannot determine from the facts before us that the statements are admissible pursuant to rule 801(e)(2)(D), we find that Mercado failed to preserve
any error regarding consideration of the statements. An objection that an affidavit contains statements of opinion or hearsay is an objection to the form of an
affidavit. See Einhorn v. LaChance, 823 S.W.2d 405, 410 (Tex. App.-Houston [1st Dist.] 1992, writ dism'd w.o.j.). Although Mercado filed objections to the
affidavits on the basis they contained hearsay, the record does not reflect that it obtained a written ruling from the trial court. A party must obtain a ruling on an
objection as to defects of form of an affidavit, or the objection is waived. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 n.7 (Tex. 1993).
Unobjected-to hearsay has probative value for summary judgment purposes. Morrison v. Pinkerton, Inc., 7 S.W.3d 851, 855 (Tex. App.-Houston [1st Dist.]
1999, no pet.). By failing to obtain a written ruling on its objections to the challenged statements in Kresge's and Recio's affidavits, Mercado failed to preserve
any error. Accordingly, the affidavits remain a part of the summary judgment evidence and may properly be considered. See Utilities Pipeline Co. v. Am.
Petrofina Mktg., 760 S.W.2d 719, 723 (Tex. App.-Dallas 1988, no writ) (unless an order sustaining the objection is reduced to writing, signed, and entered of
record, the objected-to evidence remains part of the summary judgment evidence).

Mercado argued in its summary judgment motion that summary judgment was proper because there is "no evidence" that it regarded Kresge as disabled. Thus,
Kresge was required to produce more than a scintilla of evidence that: 1) Mercado perceived him as having an "impairment;" and 2) that this impairment, as
Mercado perceived it, would have substantially limited the major life activity of working. See Deas, 152 F.3d at 476; Kiser, 32 S.W.3d at 453.

We hold that Kresge's affidavit stating that Recio told him he was not hired because of a problem with his blood and Recio's affidavit stating Betancourt told
him Kresge wasn't hired because of a condition with his blood is more than a scintilla of evidence that Mercado perceived Kresge as having an impairment.
With regard to evidence that Mercado perceived Kresge's diabetes as substantially limiting the major life activity of working, no direct evidence was presented.
We conclude, however, that the evidence that Mercado refused to hire Kresge because of his diabetes warrants an inference that Mercado regarded Kresge's
condition as substantially limiting the major life activity of working. Thus, we conclude that Kresge presented more than a scintilla of evidence that Mercado
regarded him as being disabled. We hold that the trial court improperly granted summary judgment under rule 166a(i) as to Kresge's claim of disability
discrimination. 

We next examine whether the trial court properly granted summary judgment as to Kresge's claim of disability discrimination under the well-recognized
standards of the "traditional" summary judgment rule. See Tex. R. Civ. P. 166a(c). Under the recognized standards, Mercado is entitled to summary judgment
if its summary judgment evidence disproves at least one essential element of Kresge's disability discrimination cause of action. See Grinnell, 951 S.W.2d at
425. 

As noted, Kresge contends a fact issue exists as to whether Mercado failed to hire him because it regarded him as disabled and whether Mercado's stated
explanation for not hiring him was a pretext for disability discrimination. After reviewing the summary judgment evidence, indulging all reasonable inferences
and resolving all doubts in Kresge's favor, we conclude that under the "motivating factor" standard set forth in Quantum Chemical, a genuine issue of material
fact exists as to the causation element of Kresge's claim of "regarded as" disability discrimination. See Quantum Chem., 47 S.W.3d at 480. We therefore hold
the trial court improperly granted summary judgment under the "traditional" summary judgment rule as to Kresge's claim of disability discrimination. We
sustain Kresge's first point of error.

Intentional Infliction of Emotional Distress 



In his second point of error, Kresge contends the trial court erred in granting summary judgment on his claim of intentional infliction of emotional distress.
Specifically, he contends he presented some evidence that Mercado acted intentionally and that its conduct was extreme and outrageous. 

In its motion for summary judgment, Mercado argued it was entitled to summary judgment because Kresge presented no evidence: 1) that Mercado intended to
cause him emotional distress; 2) that Mercado's conduct was extreme and outrageous; and 3) that he suffered severe emotional distress.

To recover for intentional infliction of emotional distress, a plaintiff must prove that: 1) the defendant acted intentionally or recklessly; 2) the conduct was
"extreme and outrageous;" 3) the actions of the defendant caused the plaintiff emotional distress; and 4) the resulting emotional distress was severe. GTE
Southwest, Inc. v. Bruce, 998 S.W.2d 605, 612 (Tex. 1999); Standard Fruit and Vegetable Co., Inc. v. Johnson, 985 S.W.2d 62, 65 (Tex. 1998); Gorges
Foodservice, Inc. v. Huerta, 964 S.W.2d 656, 668 (Tex. App.-Corpus Christi 1997, no writ).

In support of his contention that Mercado's conduct was intentional and extreme and outrageous, Kresge points to the following: 1) Mercado knew Kresge was
susceptible to emotional distress because it refused to provide him any information about his employment status for a protracted length of time following his
drug test; and 2) Mercado lied to Kresge when it told him a more qualified person had been hired, when, in fact, no one had been hired. In support of his
contention that he suffered severe emotional distress, Kresge points to evidence that he has suffered severe headaches and stomach aches, irritability, anxiety,
and severe depression. 

A claim for intentional infliction of emotional distress will not lie if emotional distress is not the intended or primary consequence of the defendant's conduct.
GTE Southwest, 998 S.W.2d at 611. 

Extreme and outrageous conduct is that which exceeds all possible bounds of decency, and is regarded as utterly intolerable in a civilized community. Id. Texas
courts have adopted a strict approach to intentional infliction of emotional distress claims in the workplace. Id. at 612. A claim for intentional infliction of
emotional distress will not lie for ordinary employment disputes. Id. "Thus, to establish a cause of action for intentional infliction of emotional distress in the
workplace, an employee must prove the existence of some conduct that brings the dispute outside the scope of an ordinary employment dispute and into the
realm of extreme and outrageous conduct." Id. at 613. "Such extreme conduct exists only in the most unusual of circumstances." Id. Even conduct which may
be illegal in an employment setting may not constitute the sort of behavior that constitutes "extreme and outrageous" conduct.See Gearhart v. Eye Care Ctrs. of
Am., Inc., 888 F. Supp. 814, 819 (S.D. Tex. 1995). "Severe emotional distress is distress that is so severe that no reasonable person could be expected to endure
it." GTE Southwest, 998 S.W.2d at 618. 

Even viewing the evidence in the light most favorable to Kresge, we find that he failed to present evidence of any conduct by Mercado that a reasonable trier of
fact could find rises to the level of extreme and outrageous. Accordingly, we hold that the trial court properly granted summary judgment in favor of Mercado
on Kresge'e claim for intentional infliction of emotional distress. We overrule Kresge's second point of error. 

We AFFIRM the summary judgment granted by the trial court as to Kresge's claim for intentional infliction of emotional distress. As to his discrimination
claim, we REVERSE the judgment and REMAND to the trial court for further proceedings consistent with this opinion. 

 

 

LINDA REYNA YAÑEZ

Justice



Dissenting opinion by Justice J. Bonner Dorsey.


Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

20th day of December, 2001.



 

 

 



 

1. See Tex. Lab. Code Ann. §§ 21.001-21.556 (Vernon 1996 and Supp. 2001).

2. Kresge's summary judgment evidence included his own affidavit and deposition testimony. Although Mercado disputes some of Kresge's assertions, the facts
as set forth here rely on Kresge's version of events. 

3. Mercado maintains that Betancourt's apparent belief that a position was available was due to a "miscommunication" and that no one else was ever considered
for the position. It further maintains that the position did not remain open because it did not exist, and that no one was ever hired to fill the position. 

4. This court has recently held that the better practice for a movant seeking summary judgment on both "traditional" and "no-evidence" grounds is to either file
two separate motions, one containing the no-evidence summary judgment and one containing the traditional summary judgment, or to file one document
containing both motions but with the arguments and authorities for each clearly delineated and separate from each other. Michael v. Dyke, 41 S.W.3d 746, 751
(Tex. App.-Corpus Christi, 2001, no pet.). We also noted that where a movant fails to state clearly under which rule summary judgment is sought, fails to
follow rule 166a(i) precisely by identifying the particular elements in dispute, and attaches evidence that would be appropriate for a traditional summary
judgment, but not a no-evidence motion, we will review the motion as a traditional summary judgment motion. Id. at 752. Here, Mercado's motion failed to
clearly delineate and separate its arguments under traditional and no-evidence grounds. Mercado also attached evidence that was appropriate for a traditional,
but not a no-evidence summary judgment motion. The order granting summary judgment does not specify the basis on which summary judgment was granted.
Accordingly, out of an abundance of caution, we will analyze Mercado's motion as both a traditional and no-evidence motion. 

5. Kresge does not contend he is "actually" disabled. Rather, he contends he is "regarded as" having an impairment that substantially limits a major life activity.
See 29 C.F.R. § 1630.2 (g) (2001).