**Octavio CALVILLO, M.D., Petitioner**

v.

**Alfonso GONZALEZ, M.D., Respondent.**

No. 95–1149.

Supreme Court of Texas.

May 10, 1996.

Rehearing Overruled June 28, 1996.

Sherri Turner Alexander, Dallas and Roy Fuller, Baytown, for petitioner.

H. Clay Moore, Houston, for respondent.

### OPINION

ON APPLICATION FOR WRIT OF ERROR TO THE COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS

PER CURIAM.

In this case, the court of appeals held that one party's exclusive contract does not justify interference with another party's prospective

business relations as a matter of law. *See* 905 S.W.2d 416, 421–22. We disagree, and therefore we reverse the judgment of the court of appeals.

Alfonso Gonzalez and Octavio Calvillo are both anesthesiologists with staff privileges at San Jacinto Methodist Hospital. Both provided anesthesiology to patients when requested. In 1989, the hospital contracted with Calvillo to serve as chief of anesthesiology for two years, giving him exclusive authority to operate and staff the anesthesia department. The contract stated, "The Hospital agrees that the professional services to be provided under this Agreement may be performed by such Anesthesiologists ... as [Calvillo] from time to time may furnish...." When relations between the two doctors became adversarial, Calvillo warned Gonzalez that he would refuse to schedule Gonzalez for any further anesthesiology work if the hospital renewed Calvillo's contract in 1991. In response, Gonzalez procured numerous letters of support from surgeons at the hospital requesting the continued assignment of Gonzalez to their cases.

In 1991, the hospital renewed Calvillo's contract. The renewed contract, essentially the same as the 1989 contract, stated, "The Hospital agrees that the professional services to be provided under this Agreement may be performed by such Anesthesiologists ... as [Calvillo] from time to time may furnish *in [Calvillo's] sole discretion*...." (emphasis added). Calvillo then refused to schedule Gonzalez for anesthesiology work. Gonzalez, however, retained full staff privileges at the hospital and provided anesthesiology services at the hospital's eye clinic, which was not subject to the terms of Calvillo's exclusive contract.

Gonzalez then sued Calvillo and the hospital, alleging breach of contract, tortious interference with contract, tortious interference with business relations, civil conspiracy, and illegal restraint of trade. The trial court

granted summary judgment in favor of Calvillo and the hospital on all claims.[1] The court of appeals affirmed the trial court's judgment in most respects but reversed summary judgment on the claim that Calvillo tortiously interfered with Gonzalez's business relations. *See id.* at 423.

In order to prevail on a motion for summary judgment, the movant must show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex. 1985). The court of appeals found that the record contained evidence raising a fact issue as to whether Calvillo was justified in excluding Gonzalez from anesthesiology work. It implicitly held that Calvillo might not be justified as a matter of law in interfering with Gonzalez's business relations because of Calvillo's "personal acrimony" toward Gonzalez. 905 S.W.2d at 421–22.

The court of appeals' opinion is contrary to our recent holding that, in a tortious interference case, a defendant's motivation behind the assertion of a legal right is irrelevant since the right conclusively establishes the justification defense. *See Texas Beef Cattle Co. v. Green,* 921 S.W.2d 203 (Tex.1996).

We hold that our construction of the justification defense in *Texas Beef* applies to claims of tortious interference with both existing contracts and to claims of tortious interference with prospective business relations. Contrary to the decision of the court of appeals, under these facts Calvillo's exclusive contract with the hospital justifies, as a matter of law, his interference with another party's prospective business relations. Good faith is not a relevant factor in determining justification if the defendant acts to assert a legal right.

Accordingly, under Texas Rule of Appellate Procedure 170 and without hearing oral argument, the Court grants the application .

---

1. Gonzalez unsuccessfully appealed from the summary judgment granted in favor of the hospital. *See Gonzalez v. San Jacinto Methodist Hosp.,* 880 S.W.2d 436 (Tex.App.—Texarkana 1994, writ denied).

for writ of error, reverses the judgment of the court of appeals, and affirms the trial court's summary judgment in favor of Calvillo.