701 So.2d 646 (1997)
Carl P. GREENE, Jr., Appellant,
v.
SEMINOLE ELECTRIC COOPERATIVE, INC., etc., Appellee.
No. 96-2395.
District Court of Appeal of Florida, Fifth District.
November 14, 1997.
*647 Thomas J. Pilacek & Michael H. Bowling of Thomas J. Pilacek & Associates, Maitland, for Appellant.
W. Reynolds Allen, Mark E. Levitt & Thomas Brice of Hogg, Allen, Norton & Blue, P.A., Tampa, for Appellee.
THOMPSON, Judge.
Carl P. Greene appeals the dismissal of his complaint against Seminole Electric Cooperative, Inc. ("SEC"). We reverse.
Greene, who is morbidly obese, sued SEC, his employer, pursuant to section 760.10, Florida Statutes, the Florida Civil Rights Act of 1992 ("the Act"), which prohibits discrimination against the disabled. He alleged that although he was qualified for certain promotions, SEC denied him these promotions based on its perception that he was disabled by obesity. He further alleged that he had suffered harassment at the hands of SEC, and that he had been retaliated against for making the discrimination complaint.
The court dismissed the complaint in part based on the court's determination that, unlike its federal counterparts, the Act protects only persons who actually are handicapped, and not persons who are perceived to have handicaps. Section 760.10 does not define "handicapped," but section 760.22(7)(a), part of the fair housing act, defines a handicapped person as one who "has a physical impairment which substantially limits one or more major life activities ... or is regarded as having [] such a physical or mental impairment." Contrary to the lower court's conclusion, it is clear that the Act provides protection in so-called "perceived disability" cases.
Further, the Act should be construed in conformity with the Rehabilitation Act, 29 U.S.C. § 701 et seq., and the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq., and related regulations. See Brand v. Florida Power Corp., 633 So.2d 504 (Fla. 1st DCA 1994). Obesity can be a disability. See Davidson v. Iona-McGregor Fire Protection and Rescue District, 674 So.2d 858 (Fla. 2d DCA 1996). Further, morbid obesity can be an "impairment" that "substantially limits... [the] major life activity" of working if the employer so regards the obesity. See Equal Employment Opportunity Commission v. Texas Bus Lines, 923 F.Supp. 965 (S.D.Texas 1996). Greene's complaint makes a sufficient showing that SEC regarded him as substantially limited in the major life activity of working. Among the allegations were that SEC conditioned the probationary period of his entry-level employment as a grounds keeper on his losing substantial weight, and that it allegedly refused him more than one mechanic's position based solely on his weight. See Cook v. Rhode Island, Dept. of Mental Health, Retardation and Hospitals, 10 F.3d 17 (1st Cir.1993); Texas Bus Lines; see also School Board of Nassau County v. Arline, 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987).
*648 We must agree with the trial court that the statute of limitations bars any claim for damages arising out of acts occurring before 16 June 1993. Section 760.11(1), which is a statute of limitations, see St. Petersburg Motor Club v. Cook, 567 So.2d 488 (Fla. 2d DCA 1990), provides that any person aggrieved by a violation of the Act may file a complaint with the Florida Human Rights Commission within 365 days of the alleged violation. Since Greene filed his complaint with the Commission on 16 June 1994, any claim for damages pre-dating 16 June 1993 is time-barred. Greene contends that the limitations period should be equitably tolled, but the only acts or circumstances that will toll a limitations period are those enumerated in section 95.051(2), see, Fulton County Administrator v. Sullivan, 22 Fla. L. Weekly S578, ___ So.2d ___, 1997 WL 589312 (Fla. Sept. 25 1997), and Greene does not allege that any of the acts or circumstances enumerated in the statute which toll the limitations period apply to him.
We do not agree that Greene failed to state a cause of action for damages arising out of a hostile work environment. As SEC rightly concedes, federal courts have held that harassment is actionable under the ADA and the Rehabilitation Act, and have analyzed such cases in accord with Title VII hostile work environment cases. See, e.g., Rodriguez v. Loctite Puerto Rico, Inc., 967 F.Supp. 653 (D.Puerto Rico 1997). Here, Greene alleged that he was subjected to repeated demands that he lose weight, that his weight was the subject of jokes and derision, that he was threatened with demotion if he did not lose weight, that he was ridiculed for his weight by supervisors in the presence of fellow employees, and that a supervisor pressured him into purchasing so-called "diet cookies" from that supervisor. We hold that Greene's allegations are sufficient to withstand a motion to dismiss. See Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986); Harris v. Forklift Systems, Inc., 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Further, contrary to the lower court's ruling, Greene was not required to allege that as a result of the hostile work environment his job performance was substandard. See Meritor Harris; id. (Ginsburg, J. concurring).
Accordingly, the order dismissing the complaint is reversed. On remand Greene should be allowed to amend his complaint to state in separate counts his causes of action for discrimination, hostile work environment, and retaliation. See Fla. R. Civ. P. 1.110(f).
REVERSED and REMANDED.
COBB and ANTOON, JJ., concur.