James P. MORRISON, Appellant,

v.

PINKERTON INC., Individually & d/b/a Pinkerton Security and Investigation Services, and Prime Bank, N.A., Appellees.

No. 01–99–00596–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 16, 1999.

Peter Costea, Houston, for Appellant.

Lynne Miller Ford, Michael Phillips, James P. McInerny, Houston, Daniel Prescott McManus, Sugar Land, Harry Herzog, Houston, for Appellee.

Panel consists of Justices COHEN, TAFT, and DUGGAN.*

## OPINION

TIM TAFT, Justice.

Appellant, James P. Morrison, challenges a summary judgment rendered in favor of the appellees, Pinkerton, Inc., Individually and d/b/a Pinkerton Security and Investigation Services (Pinkerton) and Prime Bank, N.A. (Prime Bank) against his claim for disability discrimination under the Texas Commission on Human Rights Act (TCHRA), tortious interference with business and contractual relations, and intentional infliction of emotional distress.[1] We address whether some evidence was raised as to whether morbid obesity is a disability under the TCHRA and whether joint employers can tortiously interfere with the business and contractual relationship between the employee and the other employer. We affirm.

### Facts

Morrison was a security guard employed by Pinkerton and assigned to Prime Bank, where he worked as a security guard for over five years.[2] During that time, Morrison felt he was discriminated against because of his weight. Morrison is six feet, four inches tall and weighed 340 pounds when his employment with Prime Bank ended. Morrison claims he was asked by the Prime Bank president if he had always been "that fat" and, on another occasion, was told not to sit in some newly upholstered chairs because he was too big.

When Morrison requested a change in his schedule with Prime Bank to attend school on Fridays, his request was denied. Morrison was later told by Pinkerton that he was being replaced at Prime Bank and would be assigned to another security job, at 60 cents less an hour wage and would work a "graveyard" shift. The reason given by Pinkerton for the change was to accommodate Morrison's request to attend school. Morrison's new schedule on the "graveyard" shift did allow him to attend school.

Before leaving Prime Bank, Morrison claims the chief of security at the bank told him he was being let go because of his weight. He also claims the change in his hours, pay, and job location was the result of discrimination due to his disability of being morbidly obese. Morrison was never fired, however. He resigned, claiming he was forced to leave because he was being discriminated against.

Morrison filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), asserting he was wrongfully discharged because of discrimination due to his disability. An EEOC investigator concluded that Morrison was not discharged for any discriminatory purpose.

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Morrison does not challenge the summary judgment rendered regarding intentional infliction of emotional distress. The summary judgment on that cause of action is therefore affirmed.

2. Morrison alleges in his petition that both Pinkerton and Prime Bank are jointly liable under a theory of joint employment.

## Procedural History

Morrison brought suit against Pinkerton and Prime Bank alleging discrimination under the TCHRA, intentional infliction of emotional distress, and tortious interference with business and contractual relations. Prime Bank and Pinkerton filed motions for summary judgment on all claims. Each motion advanced arguments for traditional and "no-evidence" summary judgment. Both appellees argued Morrison was not disabled, did not suffer any adverse action, and was not treated differently from similar employees. In addition, both argued that the reasons for the transfer were not pretextual, that their conduct was not severe and outrageous, that they had not interfered with Morrison's business or contractual relations, and that Morrison did not suffer severe emotional distress. The trial court granted both motions.

On appeal, Morrison asserts the trial court committed error in granting summary judgment. In a single point of error he claims: Prime Bank and Pinkerton are joint employers and are thus jointly liable; he is disabled; he suffered adverse employment action; and Prime Bank and Pinkerton tortiously interfered with business and contractual relations, resulting in a salary loss of 60 cents an hour.

## Standard of Review

We apply the usual standard of review. We take Morrison's evidence as true and indulge every reasonable inference and any doubts in his favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). For the no-evidence summary judgment, the non-movant has the burden to bring forward evidence raising a genuine issue of material fact on the challenged elements. *Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

3. Morrison also argues that he raised a genuine fact issue so as to preclude summary judgment. It is unnecessary for us to address this argument.

In deciding whether a disputed material fact issue exists, all evidence favoring Morrison will be taken as true. *Nixon*, 690 S.W.2d at 548–49.

## Disability

In support of his sole point of error, Morrison argues the trial court erred in granting summary judgment on his claim of discrimination because he raised some evidence concerning whether he has a "disability." [3]

Morrison brought his claim of discrimination under the TCHRA. TEX. LAB.CODE ANN. § 21.001— § 21.306 (Vernon 1996 & Supp.1999). The purpose behind the TCHRA is to provide for the execution of the policies embodied in Title I of the Americans with Disabilities Act (ADA), the "correlation of state law with federal law in the area of discrimination in employment." TEX. LAB.CODE ANN. § 21.001(3) (Vernon 1996); *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex.1991). Because the TCHRA seeks to promote federal civil rights policy and because Texas has little case law interpreting the TCHRA, it is proper to look to analogous federal precedent. *Holt v. Lone Star Gas Co.*, 921 S.W.2d 301, 304 (Tex.App.—Fort Worth 1996, no writ). Hence, cases and administrative guidance interpreting the ADA or the Rehabilitation Act are persuasive authority.[4]

■ To set up a prima facie case of discrimination, a plaintiff must make a threshold showing that he has a disability. A disability is defined as:

(1) a mental or physical impairment that substantially limits at least one major life activity of that individual,

(2) a record of such impairment, or

(3) being regarded as having such an impairment.

4. The same basic standards and definitions are used under the TCHRA, the ADA, and the Rehabilitation Act. *See Allison v. Dept. of Corrections*, 94 F.3d 494, 497 (8th Cir.1996); *Holt*, 921 S.W.2d at 304.

Tex. Lab.Code Ann. § 21.002(6) (Vernon Supp.1999). An individual can be classified as disabled under any one of these three definitions. Morrison claims to qualify under all three. We address each in turn.

## A. Physical impairment

■ Both Prime Bank and Pinkerton maintain that Morrison has not brought forward any evidence to show that his impairment is a disability under the TCHRA. Morrison claims that his physical impairment is morbid obesity. As such, he maintains he is substantially limited in the major life activities of running and climbing stairs. As proof that he is morbidly obese, Morrison relies on his own deposition. In this deposition, Morrison asserted that he visited a doctor years ago who diagnosed him as morbidly obese. However, Morrison could not remember the name of the doctor or produce any documents from this doctor showing he had been diagnosed as morbidly obese. Morrison further states that while he can run and climb stairs, he is often winded and tired after engaging is such activities. Morrison provides no expert or other corroborating testimony.

■ Morrison's claim that a physician diagnosed him as "morbidly obese" is hearsay. However, Prime Bank and Pinkerton did not object to this hearsay. Unobjected-to hearsay has probative value for summary judgment purposes. *Einhorn v. LaChance*, 823 S.W.2d 405, 410 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.). Consequently, we will assume that Morrison is morbidly obese.

### 1. Affecting body system

The ADA does not classify disabilities by physical symptoms or conditions. "Disability" is defined "with respect to an individual," and in terms of the impact of an impairment on "such individual." 42 U.S.C. § 12102(2)(A); 29 C.F.R. Pt. 1630, app. § 1630.2(j) (1998) ("The determination of whether an individual has a disability is not necessarily based on the name or diagnosis of the impairment the person has, but rather on the effect of that impairment on the life of the individual."). Even assuming Morrison is morbidly obese, that alone will not suffice to raise a fact issue to overcome a motion for no-evidence summary judgment. To show that morbid obesity is a disability, Morrison had to show that his physical impairment substantially limits him in a major life activity. Tex. Lab.Code Ann. § 21.002(6) (Vernon Supp.1999). In the regulations to implement the ADA, the EEOC explains what constitutes a physical impairment:

> Any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic, lymphatic, skin, and endocrine.

29 C.F.R. § 1630.2(h)(1).

Morrison did not provide any expert to show that his condition affected any of these body systems. In his deposition, however, he stated he became short of breath and tired when he ran and climbed stairs. He also stated he lost 40 pounds, half of the weight loss recommended, when instructed by a doctor to lose weight.

The EEOC has commented on obesity in the appendix to the regulations that implement the ADA. The EEOC notes that, "except in rare circumstances, obesity is not considered a disabling impairment." 29 C.F.R. Pt. 1630, app. § 1630.2(j). While the EEOC does not define those rare circumstances, the ADA's implementing regulations and appendix can be helpful in further understanding what rare circumstances would transform obesity into a disability under the TCHRA or ADA.

■ As noted above, for a physical disorder to carry the status of a disability, it must impact one of the many body systems. 29 C.F.R. § 1630.2(h)(1). Obesity may be properly classified as a disability when it substantially affects a body system, whether the neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular,

reproductive, digestive, genito-urinary, hemic, lymphatic, skin, or endocrine system. *See* 29 C.F.R. § 1630.2(h)(1).

The EEOC provides examples of conditions that would and would not qualify as impairments. An individual with epilepsy would be considered impaired because this condition affects the neurological system. 29 C.F.R. Pt. 1630 app. § 1630.2(h). A deaf person would be considered impaired because this condition affects the sensory organs. *Id.* Osteoporosis would be considered an impairment because it affects the musculoskeletal system. *Id.* Pregnancy is not an impairment, however. *Id.* While pregnancy likely effects nearly all of the above-mentioned body systems, it is not the result of a physiological disorder or condition. *Id.*

We will assume, without deciding, that Morrison's testimony that his obesity causes him to be short of breath and tired after running and climbing stairs raises a genuine issue of material fact of whether his morbid obesity affects his respiratory system. Morrison must still, however, produce some evidence to show that his condition "substantially limits" him in a major life activity.

### 2. Substantially limits

The last portion of the definition for disability requires that the impairment "substantially limits one or more of the major life activities." 42 U.S.C. § 12102(2)(a). As Morrison correctly argues, running and walking are major life activities. 29 C.F.R. § 1630.2(i). The critical inquiry is whether Morrison is substantially limited in these activities.

The term "substantially limits" means:

(i) Unable to perform a major life activity that the average person in the general population can perform; or

(ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a

particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j).

The United States Supreme Court has further defined "substantially limits" as a limitation that is "considerable" or "specified to a large degree." *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, ——, 119 S.Ct. 2139, 2150, 144 L.Ed.2d 450 (1999). In examining the legislative history behind the TCHRA, the Texas Supreme Court noted that "the legislature was concerned with protecting persons with impairments of an incapacitating nature." *Chevron Corp. v. Redmon,* 745 S.W.2d 314, 317–18 (Tex.1987). To allow individuals with minor or common impairments to attain "disabled" status under the TCHRA or ADA would trivialize the purpose behind these acts and the impairments of those who are truly disabled: "It would debase this high purpose if the statutory protections available to those truly handicapped could be claimed by anyone whose disability was minor and whose relative severity of impairment was widely shared." *Forrisi v. Bowen,* 794 F.2d 931, 934 (4th Cir.1986).

Morrison relies on *Cook v. State of Rhode Island, Dep't of Mental Health, Retardation, and Hospitals,* 10 F.3d 17 (1st Cir.1993), to show that morbid obesity is a disability under the "physical impairment" definition. *Cook* is readily distinguishable. It involved a claim of discrimination under the Rehabilitation Act due to morbid obesity. *Id.* at 21. The plaintiff produced an expert at trial who testified that plaintiff's morbid obesity affected her cardiovascular, metabolic, neurological, immune, musculoskeletal, and sensory systems. *Id.* Morrison has not produced any evidence to show that his condition affects any body system.[5]

---

5. Other cases have addressed obesity under the Rehabilitation Act and ADA: *Torcasio v. Murray,* 57 F.3d 1340, 1355 (4th Cir.1995) (finding appellant had not "clearly established" a disability from obesity while in prison); *Furst v. State of New York Unified Court Sys.,* No. 97–CV–1502, slip op. at 7, 1999 WL 1021817 at *5 (E.D.N.Y.1999) (holding that

■ Morrison has not offered any evidence suggesting that his condition substantially limits him in a major life activity. Unfortunately, being out of breath or tired after walking, running, or climbing stairs does not distinguish Morrison from most of the population. Without exigent circumstances, merely being tired or out of breath cannot be characterized as "incapacitating." *See Redmon,* 745 S.W.2d at 317–18. Morrison's condition, as he describes it, is not "considerable" or "specified to a large degree." *See Sutton,* 527 U.S. at ——, 119 S.Ct. at 2150. Finding Morrison's obesity to be a disability would thus trivialize the impairments of those who are truly disabled and suffering discrimination. *See Forrisi,* 794 F.2d at 934.

## B. Record of impairment

■ Morrison also claims that he is disabled because he has a "record of such impairment." Under the second definition of disability in the TCHRA, having a record of such impairment is a disability. TEX. LAB.CODE ANN. § 21.002(6) (Vernon Supp.1999). To make out a claim for discrimination based on having a record of an impairment, Morrison must show that at some time in the past, he was classified or misclassified as having a mental or physical impairment that substantially limited at least one major life activity. *Sherrod v. American Airlines, Inc.,* 132 F.3d 1112, 1120–21 (5th Cir.1998). The EEOC has described the type of records contemplated under the analogous provision of the ADA as being like but not limited to educational, medical, or employment records. 29 C.F.R. Pt. 1630, app. § 1630.2(k). Morrison did not offer any records in his response to the motions for summary judgment. In support of this definition, Morrison simply asserts in his brief that he has been overweight most of his life. Assuming this is true, it does not satisfy the requirement of a record of an impairment.

## C. Regarded As

■ ˄Morrison also claims that he is disabled because he was "regarded as" having an impairment. Under this standard, Prime Bank and Pinkerton had to believe either that Morrison had a substantially limiting impairment that he did not have, or that he had a substantially limiting impairment when, in fact, the impairment is not so limiting. *Sutton,* 527 U.S. at ——, 119 S.Ct. at 2150.

As discussed earlier, Morrison's morbid obesity does not rise to a level that substantially impairs his major life activities. Under the "regarded as" definition, however, this does not preclude Prime Bank or Pinkerton from mistakenly believing that Morrison's morbid obesity substantially limited him in a major life activity. The test for being "regarded as" having a disability mirrors the test for actually having a disability. *Fallacaro v. Richardson,* 965 F.Supp. 87, 94 (D.D.C.1997). Consequently, Morrison must not simply show that Prime Bank and Pinkerton perceived him as being overweight, but that they perceived him as having a physiological disorder or condition that substantially limited a major life activity. 42 U.S.C. § 12102(2)(a); *Reeves v. Johnson Controls World Serv. Inc.,* 140 F.3d 144, 153 (2d Cir.1998) ("Plaintiff must show that defendants perceived his impairment as substantially limiting the exercise of a major life activity."). Morrison claims that statements from the bank president and the chief of security establish he was regarded as being disabled.

### 1. Sitting in a particular chair

■ Morrison states that the bank president asked him not to sit in a chair because he was too fat. This statement, viewed in a light most favorable to Morrison, could imply that Pinkerton and Prime Bank transferred Morrison for limitations in the major life activity of sitting. *See* 29

---

job-weight requirement related to job performance was not violative of the ADA); *Smaw v. Commonwealth of Virginia Dep't of State Police,* 862 F.Supp. 1469, 1475 (E.D.Va.1994)

(determining obesity alone, absent a substantial limitation on a major life activity, is not a disability).

C.F.R. Pt. 1630, app. § 1630.2(i) (listing sitting as a major life activity). However, the question remains whether this statement demonstrates that Prime Bank regarded Morrison as being "substantially limited" in the major life activity of sitting. The bank president's statement is similar to the evidence rejected in *Andrews v. State of Ohio,* 104 F.3d 803 (6th Cir.1997), as insufficient to satisfy the "substantially limited" requirement. In *Andrews,* officers who failed to meet state weight limits and fitness standards were not discriminated against under the "regarded as" definition because they did not show that the officers' weight was a physiological disorder that substantially limited a major life activity. *Id.* at 808. While Morrison has shown that Prime Bank did not want him to sit in a particular chair at work, he has not shown from this statement that Prime Bank believed Morrison suffered from a disorder that substantially limited him in sitting or any other major life activity.

### 2. References about weight

 Morrison testified that the bank president asked if he had always been fat. Morrison also testified that the chief of security at Prime Bank told him he was being transferred because of his weight. These statements, viewed in a light most favorable to Morrison, show that he was transferred because Prime Bank and Pinkerton regarded him as overweight. Once more, however, these statements alone do not show that Morrison was regarded as being substantially limited in a major life activity. *See Sutton,* 527 U.S. at ——, 119 S.Ct. at 2150; 29 C.F.R. § 1630.2(*l*). Merely believing Morrison to be unfit to serve as a security guard because of his weight does not satisfy the requirements of the "regarded as" definition. As the United States Supreme Court has recently clarified:

> [A]n employer is free to decide that physical characteristics or medical conditions that do not rise to the level of an impairment—such as one's height, *build,* or singing voice—are preferable to others, just as it is free to decide that some limiting, but not *substantially* limiting impairments make individuals less than ideally suited for a job.

*Sutton,* 527 U.S. at ——, 119 S.Ct. at 2150 (emphasis added). Without any evidence showing that Prime Bank and Pinkerton regarded Morrison's obesity as a disorder that substantially limited him in a major life activity, these statements do not demonstrate discrimination under the TCHRA.

Morrison relies on two cases to show that a person can be regarded as disabled because of obesity. These cases are distinguishable. *See Equal Employment Opportunity Comm'n v. Texas Bus Lines,* 923 F.Supp. 965 (S.D.Tex.1996); *Greene v. Seminole Electric Cooperative, Inc.,* 701 So.2d 646 (Fla.App. 5th Dist.1997). The *Greene* court overturned the dismissal of a discrimination cause of action because there was adequate evidence in the complaint showing that the employer had conditioned employment on Greene's losing weight. *Greene,* 701 So.2d at 647. Furthermore, Greene claimed to be limited in the major life activity of working, a claim that Morrison has not alleged.[6]

In *Texas Bus Lines,* the court rendered summary judgment in favor of the plaintiff on her discrimination claim. *Texas Bus Lines,* 923 F.Supp. at 979. That case is not helpful, however, because the opinion does not reveal which major life activity, if any, in which the applicant was limited.

Because Morrison has not brought any summary judgment evidence to show he is disabled, we overrule his point of error regarding his claim under the TCHRA.[7]

---

6. A claim that a disability substantially limits one in the major life activity of working requires a different analysis when the claimant must show he is unable to work in a broad class of jobs due to his disability. *Sutton,* 527 U.S. at ——, 119 S.Ct. at 2151.

7. We do not address the issues of joint employment and adverse employment action because the issue of "disability" is dispositive.

## Tortious interference

Morrison also asserts that Prime Bank's and Pinkerton's discriminatory conduct tortiously interfered with business and contractual relations. He claims that Prime Bank tortiously interfered in his business and contractual relations with Pinkerton by causing him to be transferred to another location. However, Morrison concedes he can only guess that Prime Bank worked behind the scenes with Pinkerton to accomplish the transfer and he does not know of any conduct or communication between Prime Bank and Pinkerton that led to his transfer.

Moreover, Morrison has sued Prime Bank and Pinkerton under a theory of joint employment. Joint employers cannot tortiously interfere with a business or contractual relationship without the intervention of a third party. *See Baker v. Welch,* 735 S.W.2d 548, 549 (Tex.App.—Houston [1st Dist] 1987, writ dism'd) (decided in the context of a tortious interference with prospective business relations claim); *Hussong v. Schwan's Sales Enterprises, Inc.,* 896 S.W.2d 320, 326 (Tex. App.—Houston [1st Dist.] 1995, no writ) (decided in the context of a tortious interference with employment contract claim). Because Morrison has not claimed any other party was involved, his claim must fail.

## Conclusion

Because Morrison has not introduced any evidence that he is disabled under the TCHRA and because his claim of tortious interference fails, we overrule his sole point of error.

We affirm the judgment of the trial court.