NO. 07-01-0299-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 5, 2002

_____


ROBERT STUCKY, APPELLANT

V.

CITY OF HOUSTON, TEXAS, APPELLEE

_____

FROM THE 189TH DISTRICT COURT OF HARRIS COUNTY;

NO. 99-41560; HONORABLE JEFF WORK, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Robert Stucky appeals from a summary judgment entered by the trial court in favor of appellee the City of Houston, Texas (the City), claiming he was unlawfully terminated from his employment with the City because of a hearing impairment in violation of the Texas Commission on Human Rights Act. The City filed a motion for summary judgment asserting that appellant was not disabled or if he was, he was discharged from his employment for reasons other than his disability. The trial court granted the motion for

summary judgment. In one issue, appellant claims the court erred in granting the motion because genuine issues of material fact preclude summary judgment. For the reasons set forth, we affirm the judgment of the trial court.

The City sought summary judgment both on the basis that there was no evidence to support one or more essential elements of appellant's claim and there was no genuine issue of material fact and it was entitled to judgment as a matter of law. In reviewing a summary judgment, the movant has the burden of showing that there is no genuine issue of material fact. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548-49 (Tex. 1985). In our review, we must take evidence favorable to the non-movant as true and indulge every reasonable inference in favor of the non-movant and resolve any doubts in its favor. *Id.* To be entitled to summary judgment, a defendant must disprove as a matter of law one of the essential elements of each cause of action or establish one or more defenses as a matter of law. *Randall's Food Markets, Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex. 1995).

When a no-evidence motion for summary judgment is made, we apply the same legal sufficiency standard we apply in reviewing a directed verdict. *Kimber v. Sideris*, 8 S.W.3d 672, 675-76 (Tex.App.--Amarillo 1999, no pet.). Therefore, we ascertain if the non-movant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Id.* When, as in the case before us, the trial court does not state the grounds on which the summary judgment motion was granted, we must affirm

it if any of the grounds stated in the motion are meritorious.  *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

An employer commits an unlawful employment practice if, because of a disability, the employer discharges an individual or discriminates in any other matter in connection with the compensation or the terms, conditions, or privileges of employment.  Tex. Lab. Code Ann. § 21.051(1) (Vernon 1996).  To prevail on a disability claim, a plaintiff is not required to prove that his disability was the sole cause of his termination.  *Gorges Foodservice, Inc. v. Huerta,* 964 S.W.2d 656, 667 (Tex.App.--Corpus Christi 1997, pet. withdrawn).  With respect to an individual, a disability is defined to mean, "a mental or physical impairment that substantially limits at least one major life activity of that individual, a record of such an impairment, or being regarded as having such an impairment."  *Id.* § 21.002(6) (Vernon Supp. 2002).  To establish a prima facie case of disability discrimination, the plaintiff must make a threshold showing that he has a disability.  *Garcia v. Allen*, 28 S.W.3d 587, 596 (Tex.App.--Corpus Christi 2000, pet. denied).

A major life activity is in the nature of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working.  *Hartis v. Mason & Hanger Corp.,* 7 S.W.3d 700, 703 (Tex.App.--Amarillo 1999, no pet.).  To substantially limit such a major life activity, the person must be unable to perform an activity that the average person in the general population can perform or be significantly restricted as to the condition, manner or duration under which he can perform a major life activity as compared to that which the average person can perform. *Morrison v. Pinkerton Inc.,* 7 S.W.3d 851,

855 (Tex.App.--Houston [1st Dist.] 1999, no pet.) (citing 29 C.F.R. § 1630.2(j)). The limitation must be considerable or specified to a large degree. *Sutton v. United AirLines, Inc.,* 527 U.S. 471, 491 119 S.Ct. 2139, 2150, 144 L.Ed.2d 450 (1999). Furthermore, the determination of a disability must be made with reference to the corrective effects of mitigating measures. *Id.* at 488.

Appellant was employed as a zookeeper for the City in October 1997, and was terminated at the end of his one-year probationary period for alleged poor performance. He was hearing impaired to some extent in both ears, but was able to wear a hearing aid in only one ear. At the time he was interviewed for the position, he made known to his immediate supervisor Lynn Killam, and her supervisor Barbara Lester, that he had a "hearing problem" and wore a hearing aid. However, there is no evidence that he informed them of any limitations caused by his "hearing problem" at that time.

Appellant contends that at the onset of his employment, he asked Killam if he could have a better radio and telephone, but was told there was no money. He explained his problem as follows:

> Some individuals – people have soft voice [sic], and they need to speak louder. Sometimes if I don't have good volume control with devices, it's going to make it more difficult for me to hear. If there's many variety of noises that will drown out that individual person that I'm speaking with, I will have difficult hearing. It's bestly – it's best for my benefit, hopefully some situations I need – I do need to be accommodated in order to benefit my hearing and communication, my understanding.

4

He stated that Killam did not like him having to ask her to repeat something. However, he testified in his deposition that co-workers also complained they could not hear on their radios and had difficulties with their telephones. He further averred that he was loaned a radio from another section once, which worked better and he was able to hear more clearly. That radio was not especially equipped for the hearing impaired. The radios were assigned to a particular section of the zoo, not to particular individuals. In requests for admissions, appellant admitted his hearing disability posed no limitation on his ability to perform the essential functions of his position at the zoo, and he testified in his deposition that his hearing loss or impairment did not affect his ability to do his job.

One of his co-workers, Ronald Santos, stated that some of the telephones did not function properly and some were more reliable than others. Santos had the same trouble with the phone when he worked in appellant's area. Another co-worker, Regina Cravens, stated that almost all of the phone lines had static, although the phone in appellant's area had the worst static. Appellant also complained that the background noise of the monkeys sometimes prevented him from being able to hear, but Santos concurred that the noises of the animals could interfere with the ability to hear what co-workers were saying.

As already stated, appellant must show that his hearing condition with the use of his hearing aid substantially limits him in a major life activity. The complaints made by appellant as to the functioning of the radio and telephone were also made by other employees. Further, when appellant had the opportunity to use a better functioning radio, he claimed to have no trouble hearing, even though there was no special equipment on the

5

radio that would make it function better for a hearing impaired person. Thus, while the zoo may have needed better quality telephones and radios in general, and while the zoo may have been a noisy environment at times, appellant has made no showing that the problems he suffered distinguished him from the general population, and therefore his hearing problems cannot be considered incapacitating. *See Morrison*, 7 S.W.2d at 856.

The subjective belief of appellant that he had a disability, even with the use of his hearing aid, which should have been accommodated by the City, is not sufficient to establish a prima facie case of employment discrimination. *Jones v. Jefferson County,* 15 S.W.3d 206, 210 (Tex.App.--Texarkana 2000, pet. denied). Similarly, the subjective beliefs of his co-workers, several of whom testified that they believed he had difficulty because of his hearing impairment, are not sufficient to establish a prima facie case. *Martin v. Kroger Co.*, 65 F.Supp.2d 516, 553 (S.D. Tex. 1999), *aff'd,* 224 F.3d 765 (5th Cir. 2000).

Appellant submitted his own affidavit, which stated that his hearing ability in his right ear is 42% of normal hearing capacity and his left ear without a hearing aid is 54%, and with a hearing aid is 82% of normal hearing capacity. However, there is nothing in the record to show how those percentages were determined, and no expert testimony was offered with respect to the extent of appellant's hearing impairment. *Cf. City of Austin v. Gifford*, 824 S.W.2d 735, 740 (Tex.App.--Austin 1992, no writ) (audiologist's report of severe to profound hearing loss and expert testimony that a person so afflicted is often perceived as unable to perform job duties supported handicap finding). Although appellant argues that all the matters in his affidavit are within his personal knowledge, there is no

showing that he has the expertise to determine the exact extent of his hearing impairment with or without a hearing aid.

Next, we must determine whether appellant is disabled because he has a record of such impairment. To prevail on that claim, appellant must show he has a history of or has been misclassified as having an impairment that substantially limits one or more major life activities. *Sherrod v. American Airlines, Inc.,* 132 F.3d 1112, 1120-21 (5th Cir. 1998). The type of records contemplated include, but are not limited to, educational, medical, or employment records. 29 C.F.R. pt. 1630, app. § 1630.2 (k) (2001).[1] Appellant has not offered any such records or records similar to them into evidence in this case.

Further, appellant had previously worked for one employer for 14 1/2 years, but did not request any accommodation until he had been there over seven years, at which time he requested a volume control phone only after his supervisor asked if he wanted a better telephone. After he left that employer, he worked at another job at which he requested no accommodation because there was already a volume control telephone and his supervisor spoke more loudly in his presence. There is no evidence the City had knowledge of this information and, without more, does not make out a prima facie case that appellant has a record of impairment that substantially limits a major life activity.

---

[1]Analogous provisions of the Americans With Disabilities Act may be used to interpret disability discrimination provisions under state law. *Kiser v. Original, Inc.,* 32 S.W.3d 449, 452 (Tex.App.--Houston [14[th] Dist.] 2000, no pet.)

We must next consider whether there is evidence that the City regarded appellant as having a substantially limiting impairment. Under this standard, the City had to believe that appellant had a substantially limiting impairment that he did not have or that he had a substantially limiting impairment when the impairment was not so limiting. *Morrison,* 7 S.W.3d at 857. Simple awareness of an impairment is insufficient to prove the employer regarded the employee as disabled. *E.E.O.C. v. Exxon Corp.,* 124 F.Supp.2d 987, 998 (N.D. Tex. 2000).

Appellant claims that because he was terminated for his "general lack of ability to comprehend," a fact issue has been raised that the City perceived appellant to be unfit for the job because of his hearing impairment. First, we note that the referenced phrase, which was a "general lack of ability to comprehend and follow instructions properly," was a summation in a letter by Barbara Lester after a specific itemization of infractions committed by appellant, including leaving primary animal containment doors unlocked, leaving secondary containment doors open while away from the area, leaving two primary and one secondary animal containment doors open and one tertiary animal containment door open at the same time, inaccurate animal observations and documentations, failure to follow standard operating procedures such as wearing a mask while hosing and cleaning animal cages, failure to follow instructions about wearing a mask in the primate area when he has a cold, and the existence of mold in a juice container and rancid juice on two separate occasions.

Killam was appellant's immediate supervisor and conducted his two performance evaluations, four work progress reports, and issued his written reprimand for leaving doors unlocked or open, all upon which the decision to terminate was purportedly based. Appellant testified that he believed Killam did not think he was really having trouble hearing her and she did not perceive him as having a substantial limitation. He also did not name any other zoo managers that perceived him as being substantially limited. Further, there is no evidence that appellant was treated differently from any other employee who requested a new radio or telephone. Proof that only creates a mere suspicion of a fact is less than the scintilla of proof required to survive summary judgment. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983).

Appellant argues that *McInnis v. Alamo Community College*, 207 F.3d 276 (5th Cir. 2000) supports his proposition that the reference to his lack of ability to comprehend raises a fact issue because the disability at issue in that case was speech related, and the employer referred to the employee as having oral communication problems. However, that court found there was a genuine fact issue as to whether the employee was regarded as disabled because the compliance coordinator testified she could tell from his file that he was disabled or perceived as such and there was a letter indicating that his transfer to full-time teaching was an accommodation for his handicap, although he had not requested such an accommodation. *Id.* at 281. No such evidence appears in the record before us. We therefore do not believe appellant has made a prima facie case that he suffered from

a disability or was regarded as such, and the court's order granting summary judgment can be sustained on that issue alone.

Because we have found that the summary judgment should be affirmed on the basis discussed, it is not necessary for us to address whether appellant was treated less favorably than non-disabled employees.  The judgment of the trial court is affirmed.

John T. Boyd
Chief Justice

Do not publish.