Evelyn LITTLE, Appellant,

v.

TEXAS DEPARTMENT OF CRIMI-
NAL JUSTICE and Gary John-
son, Director, Appellees.

No. 01–02–00733–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 27, 2003.

Evelyn Little, Jasper, pro se.

Adrian Young, Asst. Atty. Gen., Austin, for Appellee.

Panel consists of Justices HEDGES, JENNINGS and ALCALA.

## MEMORANDUM OPINION

TERRY JENNINGS, Justice.

Appellant, Evelyn Little, challenges a summary judgment granted in favor of appellees, the Texas Department of Criminal Justice (TDCJ) and Gary Johnson, in her suit alleging violations of the Texas Commission on Human Rights Act (TCHRA). *See* TEX. LAB.CODE. ANN. §§ 21.001–.556 (Vernon 1996 & Supp.2003). In her sole point of error, appellant contends that the trial court erred in granting summary judgment because appellees knew she had a disability and did not hire her as a food service manager because of her disability. We affirm.

### Facts and Procedural Background

In 1974, the lower half of appellant's left leg was amputated after she suffered an accidental shotgun wound. Appellant wears a prosthesis on her left leg and, while able to walk, moves with a discernable limp. In 1991, appellant tried to find "food service work in Jasper, but none was available." Between 1996 and 1999, appellant applied on 14 separate occasions to the TDCJ for a food service manager position at various prison units.[1] For each position, appellant filled out written application forms, answered written questions, and was interviewed by a board consisting of a ranking food service department supervisor and a warden, assistant warden, or major. Appellant was not hired by the TDCJ for any of the food service manager positions.

Appellant brought her discrimination claim under the TCHRA, but the Texas Commission on Human Rights concluded that "further investigation will not result in a Cause Finding." Appellant then brought this suit against appellees, and appellees moved for summary judgment, arguing that (1) appellant failed to prove that she is "disabled" or that the TDCJ perceived her to be "disabled" under the TCHRA, (2) appellant could not show that she was the best qualified candidate and, thus, could not prove a pretext by appellees in their selection decisions, and (3) there was no evidence of intentional discrimination. In its order, the trial court did not state the grounds on which it granted summary judgment.

### Standard of Review

A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of the plaintiff's cause of action. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.

---

1. Appellees challenge the jurisdiction of this Court to hear 10 of the 14 instances of alleged discrimination because each of the 10 individual claims arose beyond the TCHRA's 180 day limitation period. *See* TEX. LABOR CODE ANN § 21.202(a). However, the core of appellant's lawsuit alleged a "consistent pattern of denial of employment over a two and one-half year period to a person with a disability re-

flect[ing] a pattern of discrimination." Thus, we conclude that we have jurisdiction over the alleged continuing violation because it was the cumulative effect of the alleged discriminatory practices, rather than any discrete occurrence, that gave rise to appellant's TCHRA claim. *See Huckabay v. Moore,* 142 F.3d 233, 239 (5th Cir.1998).

1991). The issue on appeal of a summary judgment is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Calvillo v. Gonzalez*, 922 S.W.2d 928, 929 (Tex.1996). All doubts about the existence of a genuine issue of material fact are resolved against the movant. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999). When a movant has shown that it is entitled to summary judgment, the nonmovant must come forward with evidence or law that precludes the summary judgment. *Star-Telegram, Inc. d/b/a Fort Worth Star Telegram v. Doe*, 915 S.W.2d 471, 474 (Tex.1995). When there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was rendered, an appellant must negate all grounds on appeal. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 379 (Tex. 1993). If the appellant fails to negate each ground on which the judgment may have been rendered, the appellate court must uphold the summary judgment. *Id.*

### Disability

Appellant brought her claim of discrimination under the TCHRA. One of the purposes behind the TCHRA is to provide for the execution of the policies embodied in Title I of the Americans with Disabilities Act of 1990 [2] (ADA) and its subsequent amendments. TEX. LAB.CODE. ANN. § 21.001(3). Because the TCHRA seeks to promote federal civil rights policy and because Texas has little case law interpreting the TCHRA, it is proper to look to analogous federal precedent. *Morrison v. Pinkerton Inc.*, 7 S.W.3d 851, 854 (Tex. App.-Houston [1st Dist.] 1999, no pet.). Accordingly, Texas state courts follow analogous federal precedent for guidance when interpreting the TCHRA. *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex.2001).

The TCHRA provides as follows:

An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:

(1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or

(2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

TEX. LAB.CODE. ANN. § 21.051.

██ Texas courts apply a burden-shifting analysis in employment discrimination cases. *Quantum*, 47 S.W.3d at 476 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)). A plaintiff must show that (1) she has a disability or is regarded as disabled; (2) she is a qualified individual for the job in question; and (3) an adverse employment decision was made because of her disability. *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 280 (5th Cir.2000). Once the plaintiff proves her *prima facie* case, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for its rejection of the plaintiff. *Id.* Once the employer articulates such a reason, the burden then shifts back to the plaintiff to establish by a preponderance of evidence that the articu-

2. *See* 42 U.S.C. §§ 12101–12213 (2003).

lated reason was merely a pretext for unlawful discrimination. *Id.*

■ To establish a *prima facie* case of discrimination, a plaintiff must make a threshold showing that she has a "disability." *Id.* Failure to establish an actual or perceived disability is fatal to a plaintiff's case. *Id.* The TCHRA defines a "disability" as: (1) a mental or physical impairment that substantially limits at least one major life activity of that individual, (2) a record of such impairment, or (3) being regarded as having such an impairment. TEX. LAB.CODE. ANN. § 21.002(6). Appellant claims to qualify under all three of the definitions.

### Physical Impairment

■ Here, appellant contends that her physical impairment is her amputated leg. As evidence of her disability, appellant directs us to her affidavit, wherein she states that she "cannot sit or walk like other people," and she cannot "walk quickly" and "cannot run at all." Appellant contends that even though she is able to walk with a prosthesis, she is still disabled because of substantial limitations on her ability to walk or run.

In its regulations to enforce the ADA, the Equal Employment Opportunity Commission (EEOC) defines the term "substantially limits" to mean:

(i) Unable to perform a major life activity that the average person in the general population can perform; or

(ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the

general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1)(2003).

The Fifth Circuit has held that a claimant with a leg deformity who walked with a slight limp did not have a disability that substantially impaired a life activity. *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1025 (5th Cir.1999). The court noted that the claimant walked with a limp and moved at a slower pace than other individuals. *Id.* at 1025. The court found that although the claimant experienced "some impairment in her ability to walk, it does not rise to the level of substantial impairment required by the ADA and TCHRA." *Id.*

Here, the summary judgment evidence shows that appellant can walk well with the use of her prosthesis, although with a slight limp and at a slower pace. We consider corrective and mitigating measures, such as the use of a prosthesis, when determining whether appellant is "disabled," as the term is defined under the ADA and TCHRA. *See Sutton v. United Air Lines*, 527 U.S. 471, 482–3, 119 S.Ct. 2139, 2146–47, 144 L.Ed.2d 450 (1999) (finding that evaluating person in hypothetical uncorrected state was impermissible interpretation of ADA). While there is some evidence of appellant's impairment, there was no summary judgment evidence that such impairment constituted a substantial limitation of a major life activity.

### Record of Impairment

Appellant alternatively contends that she "has a record of substantial impairment of a major life activity." To prevail under this theory, a claimant must show that she has a history of, or has been classified as having, a mental or physical impairment that substantially limits a major life activity. *Kiser v. Original, Inc.*, 32 S.W.3d 449, 453 (Tex.App.-Houston [14th Dist.] 2000, no pet.). The EEOC has de-

scribed the type of records contemplated under the ADA as being like, but not limited to educational, medical, or employment records. *Morrison,* 7 S.W.3d at 857; 29 C.F.R. Pt. 1630, app. § 1630.2(k)(2003).

Appellant did not present any evidence or records that showed she had a record of impairment. Appellant's left leg was amputated in 1974 as a result of an accidental shooting, and she contends that she has a record of impairment because "it was a year before I was fitted with a prosthesis," and that once she got her prosthesis, she "still needed a cane to walk for some years." However, at the time that she applied for the food manager positions over 20 years later, between 1996 and 1999, appellant agreed that she was able to walk well with the help of her prosthesis. Without more, there is no summary judgment evidence that appellant has a substantial record of impairment.

### Regarded as Having an Impairment

Appellant alternatively contends that she is "entitled to attempt to prove to a jury that TDCJ personnel who made the hiring decisions at issue regarded her as a person with a substantial impairment of a major life activity." Appellant argues that because her impairment was stated on her application and was "apparent to anyone who saw her walk," the TDCJ regarded her as impaired. When asked during a deposition by appellee's counsel why she did not get the jobs, appellant responded that she had the qualifications and the "only thing I could think of is my disability." However, appellant did not present any competent summary judgment evidence that showed TDJC personnel regarded her as having an impairment.

### Conclusion

Appellant failed to make a threshold showing that she has a disability and failed to present sufficient evidence to establish a *prima facie* case of discrimination. Accordingly, we hold that the trial court did not err in granting summary judgment for appellees.

We overrule appellant's sole point of error and affirm the judgment of the trial court.