Opinion issued March 27, 2003






 












In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00733-CV
____________
 
EVELYN LITTLE, Appellant
 
V.
 
TEXAS DEPARTMENT OF CRIMINAL JUSTICE AND GARY JOHNSON,
DIRECTOR, Appellees
 

 
 
On Appeal from the 278th District Court
Walker County, Texas
Trial Court Cause No. 21,013-C
 

 
 
MEMORANDUM OPINION
          Appellant, Evelyn Little, challenges a summary judgment granted in favor of
appellees, the Texas Department of Criminal Justice (TDCJ) and Gary Johnson, in her
suit alleging violations of the Texas Commission on Human Rights Act (TCHRA). 
See Tex. Lab. Code. Ann. §§ 21.001–.556 (Vernon 1996 & Supp. 2003). In her sole
point of error, appellant contends that the trial court erred in granting summary
judgment because appellees knew she had a disability and did not hire her as a food
service manager because of her disability. We affirm.
Facts and Procedural Background
          In 1974, the lower half of appellant’s left leg was amputated after she suffered
an accidental shotgun wound. Appellant wears a prosthesis on her left leg and, while
able to walk, moves with a discernable limp. In 1991, appellant tried to find “food
service work in Jasper, but none was available.” Between 1996 and 1999, appellant
applied on 14 separate occasions to the TDCJ for a food service manager position at
various prison units.


 For each position, appellant filled out written application
forms, answered written questions, and was interviewed by a board consisting of a
ranking food service department supervisor and a warden, assistant warden, or major. 
Appellant was not hired by the TDCJ for any of the food service manager positions.
          Appellant brought her discrimination claim under the TCHRA, but the Texas
Commission on Human Rights concluded that “further investigation will not result
in a Cause Finding.” Appellant then brought this suit against appellees, and appellees
moved for summary judgment, arguing that (1) appellant failed to prove that she is
“disabled” or that the TDCJ perceived her to be “disabled” under the TCHRA, (2)
appellant could not show that she was the best qualified candidate and, thus, could
not prove a pretext by appellees in their selection decisions, and (3) there was no
evidence of intentional discrimination. In its order, the trial court did not state the
grounds on which it granted summary judgment. 
Standard of Review
          A defendant is entitled to summary judgment if the evidence disproves as a
matter of law at least one element of the plaintiff’s cause of action. Lear Siegler, Inc.
v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). The issue on appeal of a summary
judgment is whether the movant met its summary judgment burden by establishing
that no genuine issue of material fact exists and that it is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Calvillo v. Gonzalez, 922 S.W.2d 928, 929
(Tex. 1996). All doubts about the existence of a genuine issue of material fact are
resolved against the movant. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223
(Tex. 1999). When a movant has shown that it is entitled to summary judgment, the
nonmovant must come forward with evidence or law that precludes the summary
judgment. Star-Telegram, Inc. d/b/a Fort Worth Star-Telegram v. Doe, 915 S.W.2d
471, 474 (Tex. 1995). When there are multiple grounds for summary judgment and
the order does not specify the ground on which the summary judgment was rendered,
an appellant must negate all grounds on appeal. State Farm Fire & Cas. Co. v. S.S.,
858 S.W.2d 374, 379 (Tex. 1993). If the appellant fails to negate each ground on
which the judgment may have been rendered, the appellate court must uphold the
summary judgment. Id.
Disability
          Appellant brought her claim of discrimination under the TCHRA. One of the
purposes behind the TCHRA is to provide for the execution of the policies embodied
in Title I of the Americans with Disabilities Act of 1990


 (ADA) and its subsequent
amendments. Tex. Lab. Code. Ann. § 21.001(3). Because the TCHRA seeks to
promote federal civil rights policy and because Texas has little case law interpreting
the TCHRA, it is proper to look to analogous federal precedent. Morrison v.
Pinkerton Inc., 7 S.W.3d 851, 854 (Tex. App.—Houston [1st Dist.] 1999, no pet.). 
Accordingly, Texas state courts follow analogous federal precedent for guidance
when interpreting the TCHRA. Quantum Chem. Corp. v. Toennies, 47 S.W.3d 473,
476 (Tex. 2001). 
          The TCHRA provides as follows:
An employer commits an unlawful employment practice if because of race,
color, disability, religion, sex, national origin, or age the employer:
 
          (1)     fails or refuses to hire an individual, discharges an individual, or
discriminates in any other manner against an individual in connection
with compensation or the terms, conditions, or privileges of
employment; or
 
          (2)     limits, segregates, or classifies an employee or applicant for employment
in a manner that would deprive or tend to deprive an individual of any
employment opportunity or adversely affect in any other manner the
status of an employee.

Tex. Lab. Code. Ann. § 21.051.

          Texas courts apply a burden-shifting analysis in employment discrimination
cases. Quantum, 47 S.W.3d at 476 (citing McDonnell Douglas Corp. v. Green, 411
U.S. 792, 802-05, 93 S. Ct. 1817, 1824 (1973)). A plaintiff must show that (1) she
has a disability or is regarded as disabled; (2) she is a qualified individual for the job
in question; and (3) an adverse employment decision was made because of her
disability. McInnis v. Alamo Cmty. Coll. Dist., 207 F.3d 276, 280 (5th Cir. 2000). 
Once the plaintiff proves her prima facie case, the burden shifts to the employer to
articulate some legitimate, nondiscriminatory reason for its rejection of the plaintiff. 
Id. Once the employer articulates such a reason, the burden then shifts back to the
plaintiff to establish by a preponderance of evidence that the articulated reason was
merely a pretext for unlawful discrimination. Id.
          To establish a prima facie case of discrimination, a plaintiff must make a
threshold showing that she has a “disability.” Id. Failure to establish an actual or
perceived disability is fatal to a plaintiff’s case. Id. The TCHRA defines a
“disability” as: (1) a mental or physical impairment that substantially limits at least
one major life activity of that individual, (2) a record of such impairment, or (3) being
regarded as having such an impairment. Tex. Lab. Code. Ann. § 21.002(6). 
Appellant claims to qualify under all three of the definitions.
Physical Impairment
          Here, appellant contends that her physical impairment is her amputated leg. 
As evidence of her disability, appellant directs us to her affidavit, wherein she states
that she “cannot sit or walk like other people,” and she cannot “walk quickly” and
“cannot run at all.” Appellant contends that even though she is able to walk with a
prosthesis, she is still disabled because of substantial limitations on her ability to walk
or run.
          In its regulations to enforce the ADA, the Equal Employment Opportunity
Commission (EEOC) defines the term “substantially limits” to mean:
(i)Unable to perform a major life activity that the average person in
the general population can perform; or
 
(ii)Significantly restricted as to the condition, manner or duration
under which an individual can perform a particular major life
activity as compared to the condition, manner, or duration under
which the average person in the general population can perform
that same major life activity.
29 C.F.R. § 1630.2(j)(1)(2003).
          The Fifth Circuit has held that a claimant with a leg deformity who walked with
a slight limp did not have a disability that substantially impaired a life activity. Talk
v. Delta Airlines, Inc., 165 F.3d 1021, 1025 (5th Cir. 1999). The court noted that the
claimant walked with a limp and moved at a slower pace than other individuals. Id.
at 1025. The court found that although the claimant experienced “some impairment
in her ability to walk, it does not rise to the level of substantial impairment required
by the ADA and TCHRA.” Id. 
          Here, the summary judgment evidence shows that appellant can walk well with
the use of her prosthesis, although with a slight limp and at a slower pace. We
consider corrective and mitigating measures, such as the use of a prosthesis, when
determining whether appellant is “disabled,” as the term is defined under the ADA
and TCHRA. See Sutton v. United Airlines, 527 U.S. 471, 482-83, 119 S. Ct. 2139,
2146-47 (1999) (finding that evaluating person in hypothetical uncorrected state was
impermissible interpretation of ADA). While there is some evidence of appellant’s
impairment, there was no summary judgment evidence that such impairment
constituted a substantial limitation of a major life activity.
Record of Impairment
          Appellant alternatively contends that she “has a record of substantial
impairment of a major life activity.” To prevail under this theory, a claimant must
show that she has a history of, or has been classified as having, a mental or physical
impairment that substantially limits a major life activity. Kiser v. Original, Inc., 32
S.W.3d 449, 453 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The EEOC has
described the type of records contemplated under the ADA as being like, but not
limited to educational, medical, or employment records. Morrison, 7 S.W.3d at 857;
29 C.F.R. Pt. 1630, app. § 1630.2(k)(2003). 
          Appellant did not present any evidence or records that showed she had a record
of impairment. Appellant’s left leg was amputated in 1974 as a result of an accidental
shooting, and she contends that she has a record of impairment because “it was a year
before I was fitted with a prosthesis,” and that once she got her prosthesis, she “still
needed a cane to walk for some years.” However, at the time that she applied for the
food manager positions over 20 years later, between 1996 and 1999, appellant agreed
that she was able to walk well with the help of her prosthesis. Without more, there
is no summary judgment evidence that appellant has a substantial record of
impairment.
Regarded as Having an Impairment
          Appellant alternatively contends that she is “entitled to attempt to prove to a
jury that TDCJ personnel who made the hiring decisions at issue regarded her as a
person with a substantial impairment of a major life activity.” Appellant argues that
because her impairment was stated on her application and was “apparent to anyone
who saw her walk,” the TDCJ regarded her as impaired. When asked during a
deposition by appellee’s counsel why she did not get the jobs, appellant responded
that she had the qualifications and the “only thing I could think of is my disability.” 
However, appellant did not present any competent summary judgment evidence that
showed TDJC personnel regarded her as having an impairment.
Conclusion 
          Appellant failed to make a threshold showing that she has a disability and
failed to present sufficient evidence to establish a prima facie case of discrimination. 
Accordingly, we hold that the trial court did not err in granting summary judgment
for appellees.
 
 
          We overrule appellant’s sole point of error and affirm the judgment of the trial
court.
 
 
                                                             /s/      Terry Jennings
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Alcala.